IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE HERMELIN and JANELLE                09-CV-1421-BR
HERMELIN,

       Plaintiffs,                    OPINION AND ORDER

v.

STATE OF OREGON, COLUMBIA
COUNTY, and CITY OF ST.
HELENS,

       Defendants.


EUGENE HERMELIN
JANELLE HERMELIN
745 N. Columbia River Highway
St. Helens, OR 97051
503-820-9959

       Plaintiffs, *Pro Se*


**BROWN, Judge.**

    IT IS ORDERED that the provisional *in forma pauperis* status

given Plaintiffs is confirmed.  For the reasons set forth below,

1 - OPINION AND ORDER

however, the Court **DISMISSES** Plaintiffs' Complaint without
service of process pursuant to 28 U.S.C. § 1915(e) for lack of
jurisdiction.


## STANDARD

A complaint filed *in forma pauperis* shall be dismissed *sua
sponte* if the Court determines:

    (A)  the allegation of poverty is untrue; or

    (B)  the action or appeal–

        (I)      is frivolous or malicious;

        (ii)     fails to state a claim on which relief may be granted; or

        (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(2000).  *See also Neitzke v. Williams*, 490
U.S. 319, 324 (1989); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th
Cir. 2000).

As noted, § 1915(e)(2) requires a district court to dismiss
an *in forma pauperis* complaint that fails to state a claim.
*Lopez*, 203 F.3d at 1127.  *See also Barren v. Harrington*, 1152
F.3d 1193, 1194 (9th Cir. 1998).  A claim should be dismissed
only if it appears beyond doubt that the plaintiff cannot
establish any set of facts under which relief could be granted.
*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A district court
should grant leave to amend even if no request to amend has been

made, however, if the pleading cannot possibly be cured by the allegation of other facts, the court may dismiss the complaint without leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

This court is obligated to construe *pro se* pleadings liberally and to afford the *pro se* litigant the benefit of any doubt. *Norrison v. Hall*, 261 F.3d 896, 899 n. 2 (9th Cir. 2001). *Pro se* complaints are held to a less stringent standard that those drafted by a lawyer. *Bonner v. Lewis*, 857 F.2d 559, 563 (9th Cir. 1988).


## BACKGROUND

On November 30, 2009, Plaintiffs Eugene and Janelle Hermelin filed an Application for Leave to Proceed *In Forma Pauperis* and a Complaint in which they allege "without adequate drainage, Highway 30 was raised and widened which causes flooding in property. The relief we see is, permanently preventing flooding from highway. We also see to recover money spent to replace, repairs [*sic*] and restore both personal and real estate. We seek to be made whole again."


## DISCUSSION

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

3 - OPINION AND ORDER

matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209, at *1 (9th Cir. Dec. 21, 2007).

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants.  *See A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(citations omitted)).  A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress.  *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991), *cert. denied*, 112 S. Ct. 1473 (1992). Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 1331, 1332.

Plaintiffs do not assert any claim in their Complaint under the United States Constitution or federal statute.  Thus, this

Court does not appear to have federal question jurisdiction in this case.

In addition, to establish diversity jurisdiction in the District of Oregon, Plaintiffs must allege they reside in the State of Oregon, each Defendant resides in another state, and Plaintiffs seek damages of more than $75,000.  In the alternative, Plaintiffs may establish diversity jurisdiction by alleging each Defendant is a resident of Oregon, Plaintiffs are residents of another state, and Plaintiffs seek damages of more than $75,000.

Here even though Plaintiffs do not allege residence in their Complaint, Plaintiffs state in their Application for Leave to Proceed *In Forma Pauperis* that they live in St. Helens, Oregon. All Defendants, however, are not residents of another state. Thus, the Court does not have diversity jurisdiction in this case.

<u>CONCLUSION</u>

For these reasons, the Court **DISMISSES** Plaintiffs' Complaint for lack of jurisdiction.  The Court, however, grants Plaintiffs leave to amend their Complaint no later than December 28, 2009, if they can allege facts showing the residency of all Defendants is different from theirs or that their action is based on a federal statute or the United States Constitution.  If Plaintiffs

5 - OPINION AND ORDER

do not file an amended complaint consistent with this Opinion and Order that cures the noted deficiencies, the Court will enter a judgment of dismissal.  The Court also notes Plaintiffs, in lieu of filing an amended complaint, may move to voluntarily dismiss this action without prejudice in which case the Court would enter a judgment of dismissal.

IT IS SO ORDERED.

DATED this 11th day of December, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER